

**SIGNED this 21st day of July, 2010.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-13039-CAG |
| | § | |
| LISA M. ARRENDONDO-SMITH | § | CHAPTER 7 |
|    Debtor. | § | |

### MEMORANDUM OPINION AND ORDER GRANTING
### OBJECTION TO EXEMPTIONS

On this date came on to be considered the above-styled and numbered Chapter 7 case. Lisa M. Arrendondo-Smith ("Debtor") filed her Chapter 7 petition on October 27, 2009, claiming the homestead exemption under California state law. Austin Hi-Tech Restoration, Inc. ("AHR") objected to these exemptions, noting that the Debtor has lived in more than one state and residence during the 730 day period preceding the bankruptcy filing. *See* 11 U.S.C. § 522(b)(3)(A).

The issue is whether the Debtor, who, under the choice-of-law provision of section 522(b)(3)(A) and Cal. Civ. Proc. Code § 704.710-730, may use California homestead exemption law extraterritorially to property located in Austin, Texas.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) on which this Court can enter a final judgment.

The Debtor owns property located at 1907 Jesse Owens Drive, Austin, Texas (the property in dispute in this matter, "Texas Residence"). After marrying Dana Smith ("Spouse") on July 21, 2007, the Debtor moved from Texas to California and lived there as husband and wife at 13770 Cochise Road, Apple Valley, California ("California Residence"). The Debtor traveled back and forth between the Texas Residence and the California Residence. She filed a joint tax return with her Spouse listing the California Residence as her main residence. In September 2007, Child Protective Services awarded the Debtor custody of her minor grandson who then came and lived with Debtor and her Spouse at the California Residence. In November 2007, the Debtor suffered a brain aneurism in the Texas Residence and sought medical treatment in both Texas and California. The Debtor separated from her Spouse and moved back to Texas (with her grandson) in June 2009. She changed her driver's license, vehicle registration, and voter registration to the State of Texas. On June 25, 2009, a final judgment was granted against the Debtor in the amount of $55,215.51 (plus post-judgment interest), in favor of Austin Hi-Tech Restoration, Inc. On July 2, 2009, the Debtor filed for divorce from her Spouse in California. In October 2009, the Debtor filed this bankruptcy proceeding at which time her divorce was still pending.

The parties agree that the starting place for the Court's analysis is 11 U.S.C. § 522(b), which provides in relevant part:

> (b)(1) . . . [A]n individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative (3) of this subsection…

2

(2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

(3) Property listed in this paragraph is—

(A) … any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period…

A debtor's estate is created on the date a case is commenced under the Bankruptcy Code. *See* 11 U.S.C. § 541(a); **White v. Stump**, 266 U.S. 310 (1924).

Section 522(b) provides for exemptions under federal or state law. The federal exemptions listed in section 522(d) are available to a debtor in bankruptcy if the state where the bankruptcy petition has been properly filed has not "opted out" of the federal exemption scheme; otherwise, the debtor is entitled to claim the exemptions provided by the law of the state where the petition was filed. *See* 11 U.S.C. § 522(b)(1) and § 522(b)(2)(A). This interpretation is consistent with the legislative scheme by which section 522(b) provides exemptions for debtors filing for bankruptcy. *See* **In re Ondras**, 846 F.2d 33, 35 (7th Cir. 1988). Debtor's bankruptcy petition was filed in Texas; however, this Court agrees the correct homestead exemption law to be applied is that of California. California is a state that has opted out of the federal exemptions. *See* Cal. Civ. Proc. Code § 704.730 (West 1987). Debtor was domiciled in California during the 730 days immediately preceding the filing of her bankruptcy petition, and she continued to reside in California for the longer portion of the 180 day *look-back* period. Therefore, according to the plain language of the statute, the choice of California's homestead exemption in this case fits squarely within § 522(b)(3)(A)'s requirements, and the applicable exemption law is not that of the state of filing (Texas); rather, it is the state where the Debtor was domiciled longest for the

180 day period prior to the start of the aforementioned 730 day period (California). *See* ***In re Garrett***, 429 B.R. 220 (Bankr. S.D. Tex. 2010) (holding that section 522(b)(3)(A) preempts state domiciliary and residency exemption restrictions and permits a nonresident debtor to choose state exemptions if the debtor meets the domiciliary test for doing so under section 522(b)(3)).

Austin Hi-Tech Restoration, Inc. argues, however, that the California homestead exemption may not apply to property extraterritorially located within the state of Texas. Additionally, Austin Hi-Tech Restoration, Inc. disputes the California homestead exemption applied specifically to the Texas Residence on the grounds that during the commencement of this bankruptcy proceeding Debtor was still legally married to her husband. Austin Hi-Tech Restoration, Inc. relies on Cal. Code Civ. Proc. § 704.420 (c): "if the judgment debtor and spouse of the judgment debtor reside in separate homesteads, only the homestead of one of the spouses is exempt and only the proceeds of the exempt homestead are exempt." Austin Hi-Tech Restoration, Inc. argues that because husband and wife are entitled to only one homestead between them, the only homestead that Debtor may claim is her marital homestead, the California Residence.

The Debtor claims that under established case law (specifically citing ***In re Arrol***, 170 F.3d 934 (9th Cir. 1999)), the California exemption can be applied to a claimed homestead in Texas. This court agrees. As the general rule, a majority of courts have held that state homestead laws have no extraterritorial force and are only available to residents of the state. *See* ***In re Ginther***, 282 B.R. 16, 48 Collier Bankr. Cas. 2d (MB) 1559 (Bankr. D. Kan. 2002); ***In re Peters***, 91 B.R. 401 (Bankr. W.D. Tex. 1988); *see also* 40 Am.Jur.2d Homestead § 14 (1968). Other courts, however, have held that if a state's homestead exemption does not expressly limit its application to property in the state, then it may be applied to a homestead in another state.

*See **In re Arrol***, 170 F.3d 934 (9th Cir. 1999); ***In re Drenttel***, 403 F.3d 611 (8th Cir. 2005); ***In re Stratton***, 269 B.R. 716 (Bankr. D. Or. 2001). A state's homestead statute can be given extraterritorial effect by the bankruptcy court based on the statute at issue. *See **In re Stephens**,* 402 B.R. 1, 6 (10th Cir. BAP 2009).

In adopting the procedure used in ***In re Adams***, 375 B.R. 532 (Bankr. W.D. Mo. 2007) and ***In re Jevne,*** 387 B.R. 301, 304-06 (Bankr. S.D. Fla. 2008), the ***Stephens*** court stated:

> If the plain language of a state's homestead statute is silent as to its extraterritorial effect, the Court must then look to that state's case law to see if the appellate courts of that state have interpreted their homestead statute to apply to property located outside of the state. . . . If no state case law exists on whether the exemption has extraterritorial application, [then]… given the fact that most, if not all, state courts generally require homestead exemptions to be liberally construed in favor of debtors, it is very likely that a state's homestead exemption will be given extraterritorial effect absent a limitation placed on the exemption by either the statute itself, or a case interpreting that statute. *Id*.

As a result of the changes to section 522(b)(3), an enhanced inquiry is now required into the extraterritorial effect of the homestead exemptions. While one particular state exemption may specify application only to residents of that state, or to property located within that state, other exemptions may not contain that specific restriction.

Unlike the applicable Texas law cited in ***In re Peters***, which explicitly limited homesteads to dwellings located within the State of Texas, 91 B.R. at 404, the California exemption statute does not limit the homestead exemption to dwellings within California:

> "Homestead" means the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead. Cal. Civ. Proc. Code § 704.710(c) (West 1987).

The Ninth Circuit Court of Appeals in ***Arrol*** (applying a California exemption law to a claimed homestead in Michigan), held that state laws did not restrict their homestead exemption

5

to property within their borders. 170 F.3d 934 (9th Cir. 1999). Thus, in the context of § 522(b)(3)(A) and Cal. Civ. Proc. Code § 704.710, Debtor is able to apply California exemption law extraterritorially to property located in Texas.

The parties further dispute whether Debtor may specifically claim the "Property", the Texas Residence, as her "homestead" under California law. An individual debtor's claimed homestead exemption is determined by the facts and circumstances that exist at the time of the filing of the bankruptcy petition. 11 U.S.C. § 522(b)(2)(A). Debtor's divorce action was still pending in California at the time this bankruptcy case was filed and, as such, she is considered married to her Spouse for the purpose of this analysis.

Cal. Civ. Proc. Code § 704.720 (c) states that there may be only one claimed homestead exempt between husband and wife. Cal. Civ. Proc. Code § 704.720 (c) provides that if a debtor chooses to claim state exemptions, and "if the judgment debtor and spouse of the judgment debtor reside in separate homesteads, only the homestead of *one* of the spouses is exempt and only the proceeds of the exempt homestead are exempt" (emphasis added). California holds that either spouse has the right to declare a homestead on the family residence if the declaring spouse owns an interest in the residence and qualifies as part of a family unity (both spouses reside on the premises, or the declarant resides on the premises with a qualified relative). Cal. Civ. Proc. Code § 704.710. Husband and wife cannot have two homesteads. **Strangman v. Duke**, 140 Cal.App.2d 185, 295 P.2d 12 (1956); *see also* **In re Wilson**, 175 B.R. 735, 739. Under California law, a husband and wife are entitled to only one homestead exemption between them: "Spouses may select which of the homesteads is exempt; [however] if the spouses are unable to agree, the court determines which homestead is exempt." 16 Cal.L.Rev.Comm. Reports 1422 (1982).

6

It is not uncommon, however, for a husband and wife to acquire and possess multiple properties such that the designation of a particular location as a primary residence or "homestead" may become an enigmatic inquiry. Because it is not always clear which state is the residence of a person, a court may look to a variety of factors to determine residence, including presence in the state, ownership of a residence in a state, abandonment of a residence in another state, opening of bank accounts, location of employment, vehicle registration, location for the receipt of mail, address on tax returns, and location of physicians. *See* **In re Whitehead**, 278 B.R. 597 (Bankr. M.D. Fla. 2002). Under California law, the factors a court should consider in determining residency, for homestead purposes, are physical occupancy of the property and the intention with which the property is occupied. *See* **In re Kelley**, 300 B.R. 11 (9th Cir. BAP 2003).

For these reasons, the concept of "residence," for purpose of homestead exemption, is a flexible one and must be construed in light of the policies underlying the exemption statute. *See* **In re Grindal**, 30 B.R. 651 (Bankr. D. Me. 1983). In **Strangman v. Duke**, 140 Cal.App.2d 185, 295 P.2d 12 (1956), the California court of appeals articulated the legislative goal of "provid[ing] a place for the family and its surviving members, where they may reside and enjoy the comforts of a home, freed from any anxiety that it may be taken from them against their will. . . ." *Id*. at 190, 295 P.2d 12 (internal quotations and citations omitted). Under Cal. Civ. Proc. Code § 704.710 (b), "Family Unit" means any of the following:

(1) The judgment debtor and the judgment debtor's spouse if the spouses reside together in the homestead.
(2) The judgment debtor and at least one of the following persons who the judgment debtor cares for or maintains in the homestead:
  (A) The minor child or minor grandchild of the judgment debtor or the judgment debtor's spouse or the minor child or grandchild of a deceased spouse or former spouse.

7

    (B)  The minor brother or sister of the judgment debtor or judgment debtor's spouse or the minor child of a deceased brother or sister of either spouse.

    (C)  The father, mother, grandfather, or grandmother of the judgment debtor or the judgment debtor's spouse or the father, mother, grandfather, or grandmother of a deceased spouse.

    (D)  An unmarried relative described in this paragraph who has attained the age of majority and is unable to take care of or support himself or herself.

Debtor contends a standard of "manifest intent to reside in the claimed homestead." In addition to actual occupancy, the declarant must have a bona fide intention to make the dwelling his or her residence and home. ***Gaylord v. Place***, 98 Cal. 472, 484 (1893) (placer mine that eventually would be washed away). Debtor argues that because (1) she abandoned the California Residence, (2) her Stipulation for Judgment of Divorce gives title to all other property to Debtor's Spouse (while Debtor only retained the Texas Residence), (3) she received medical treatment in Texas, (4) her car registration and driver's license are issued in Texas, and (5) she registered to vote in Texas, that her intent to reside at the Property located in Austin, Texas is bona fide and clear, and thus it should be declared her "homestead".

While this Court takes into consideration Debtor's personal wishes and her good faith attempt to relocate back to the Texas Residence, a totality of the circumstances in this case can only lead to the conclusion that the "homestead exempt" is the California Residence.

Debtor abandoned her homestead in the property in Austin, Texas when she married her husband, and moved with him to the California Residence in July 2007. At this time, she changed her driver's license, vehicle registration, and voter registration to the State of California. Her brother moved into the Texas Residence, and her mother moved into an additional property of her husband's in California, but Debtor chose to reside with her husband at the California Residence until June 2009. She designated on her joint tax return the Apple Valley, California

8

property as her main residence. When Child Protective Services awarded the Debtor custody of her minor grandson, he then came and lived with Debtor and her husband at the California Residence. Though the Debtor suffered a brain aneurism in the Texas Residence, she also sought medical treatment in California.

Under the *Kelley* test, these actions taken by the Debtor clearly show both a change of physical occupancy to the California Residence and the intention to make it her "homestead." 300 B.R. 11 (9th Cir. BAP 2003). Under Cal. Civ. Proc. Code § 704.710(b), Debtor effectuated designation of the California Residence as the "homestead" when the "family unit" consisting of the "judgment debtor," the "judgment debtor's spouse," and "the minor grandchild of the judgment debtor who the judgment debtor cares for or maintains in the homestead" chose to reside there.

Debtor challenges this designation with the fact that she previously resided in the Texas Residence and claimed it as her homestead prior to moving to California to get married and, following the divorce filing, has since moved back to Texas and manifested a clear intent to remain there. At the time this proceeding was commenced, Debtor's Spouse continued to remain at the marital "homestead" in California.

In *In re Dawson*, the debtor's divorce was still pending on the date he filed his bankruptcy petition, and was precluded under Texas law from claiming a homestead different from the family homestead that he and his former spouse previously established. 266 B.R. 355 (Bankr. N.D. Tex. 2001). The *Dawson* Court stated that "it is well established under Texas law that the family's homestead may be the separate property of either the husband or the wife, or it may be community property, but the wife cannot have one homestead and the husband another. *Id*. at 358.; *see also* **In re Cumpton**, 30 B.R. 49, 51 (N.D. Tex. 1983); **Matter of Claflin**, 761

9

F.2d 1088, 1092 (5th Cir. 1985). Additionally, "the owner or claimant of the property claimed as homestead, if married, may not sell or abandon the homestead without the consent of the other spouse." *Id*.; *see* TEX. CONST. art. 16, § 50(b); *see also* TEX. FAM. CODE. ANN. § 5.001 (whether the homestead is the separate property of either spouse or community property, neither spouse may sell, convey, or encumber it without joinder of the other spouse); ***PaineWebber, Inc. v. Murrary***, 260 B.R. 815, 825 (E.D. Tex. 2001) (a family may claim only one homestead and "as long as the relation of husband and wife exists, [the husband] cannot acquire a homestead different from that of his wife"); ***Estate of Johnson v. C.I.R.***, 718 F.2d 1303, 1307-1308 (5th Cir. 1983).

In ***In re Rabin***, registered domestic partners in California trying to each claim a full, separate homestead exemption, when each partner filed a separate bankruptcy case, were limited to a single homestead exemption. ***Rabin v. Schoenmann***, 359 B.R. 242, 246 (B.A.P. 9th Cir. 2006). The Court held that "under California law, couples with formally joined economic interests, whether as spouses or registrants, are limited to a single homestead exemption." *Id*. at 249, footnote 11. Under ***In re Dawson, In re Rabin,*** and Cal. Civ. Proc. Code § 704.720 (c), if Debtor's Spouse claims the California Property as his homestead, Debtor cannot then claim the Texas Property as her homestead.

The homestead statute does not require continuous physical presence in order for a claimant to establish a particular location as a primary residence. *See* ***In re Patterson***, 275 B.R. 578 (Bankr. D. Colo. 2002); ***In re Vaughan***, 188 B.R. 234 (Bankr. E.D. Ky. 1995); ***Ilardi v. Parker***, 914 P.2d 888 (Alaska 1996). Cal. Civ. Proc. Code § 704.720 (d) provides that "if a judgment debtor is not currently residing in the homestead, but his or her separated or former spouse continues to reside in or exercise control over possession of the homestead, the judgment

10

debtor continues to be entitled to an exemption. . . ." In the context of this case, this language can be read to mean that Debtor, even though she is currently residing at the Texas Residence, continues to have her claimed homestead in California because her "separated spouse" continues to reside in, or exercise control over the possession of, the California property.

Additionally, Debtor admits that at the time this voluntary Chapter 7 bankruptcy case was filed on October 27, 2009, she claimed her exemptions under California state law because she had not resided in Texas for 730 days prior to the filing of this case, nor had she resided in Texas for the longer portion of the 180 day *look-back* period. If Debtor had, as she claims, reestablished her Texas property as her residence, and been living there such that it was her "homestead" at the time this case was filed, then this Court would not be in the position of having to apply California state exemption law extraterritorially to it.

Finally, Debtor denies that the California Residence is her homestead because the house was, at the time, her husband's separate property that he had acquired pre-marriage and she therefore had no ownership interest in it. An "ownership interest" in property is not necessary to establish a homestead, because under California law a homestead is allowed even if one spouse owns no interest in the property. "A California resident is allowed a $75,000 homestead exemption if the debtor or spouse of the member of the family unit owns no interest in the homestead or has only a community interest in the homestead with the debtor." Cal. Civ. Proc. Code § 704.730(a)(2); **Rabin v. Schoenmann** (**In re Rabin**), 359 B.R. 242, 246 (B.A.P. 9th Cir. 2006).

This Court is mindful of the strong policy underlying both California law and federal bankruptcy law to interpret exemption statutes liberally in favor of the debtor. *See*, *e.g.*, **In re Glass**, 164 B.R. 759, 764 (9th Cir. BAP 1994), *aff'd*, 60 F. 3d 565 (9th Cir. 1995). In sum,

11

however, California exemption law may apply extraterritorially to property located in the State of Texas, but because Debtor had declared "homestead" in California she may not now abandon such, and claim a homestead different than the family homestead that she and her former spouse previously established.

## CONCLUSION

IT IS, THEREFORE, ORDERED that the Objection to Claim of Exemption filed by Austin Hi-Tech Restoration, Inc. on December 23, 2009 shall be, and hereby is, GRANTED.

# # #